CITY OF STOW ET AL., APPELLANTS, *v.* CITY OF CUYAHOGA FALLS, APPELLEE.

(No. 10458—Decided May 26, 1982.)

*Mr. L. James Martin,* law director, for appellants.

*Mr. Carmen V. Roberto,* law director, for appellee.

VICTOR, J. This action for declaratory judgment was brought on behalf of nine Stow property owners whose properties lie along the north side of Graham Road. The city of Cuyahoga Falls installed a water line along the north side of Graham Road in what was then the village of Stow. Some property owners along the north side of Graham Road were permitted to tap into this water line years ago. The property owners bringing this action were not permitted to tap into the line. The city refused the request to tap in solely on the administrative policy, determined by the mayor, that properties located outside the Cuyahoga Falls city limits could not receive city utility services without first being annexed. The trial court upheld the city's refusal and plaintiffs appeal.

Assignments of Error

"I.  The court erred in determining

an administrative policy of the Mayor of Cuyahoga Falls to be the 'Policy of the City of Cuyahoga Falls, Ohio.'

"II. The court erred in holding that, upon compliance with Ordinance 113-81, the residents of Stow do not have the right to receive, upon proper payment therefor, water services without the necessity of annexation to Cuyahoga Falls, Ohio."

Plaintiffs-appellants raise two arguments that they believe entitle them to relief. They first argue that the annexation policy which is raised as a bar to their request for services is an administrative policy of the mayor which impermissibly usurps authority in an area exclusively reserved to city council. Plaintiffs also argue that once a municipality has voluntarily extended services to some individuals outside the city, it must extend services to all similarly situated individuals without discrimination. We shall treat these arguments in reverse order.

When selling surplus water outside the municipal limits, a city may sell in such quantities and under such circumstances as it deems proper. *Joslyn* v. *Akron* (1958), 77 Ohio Law Abs. 370. By providing this surplus to those outside the municipality, the city does not become "such a public utility as to be bound to serve indiscriminately all who may demand such service * * *." *State, ex rel. Indian Hills Acres, Inc.,* v. *Kellogg* (1948), 149 Ohio St. 461 [37 O.O. 137], paragraph three of the syllabus. It seems to us, therefore, that the city might properly refuse to provide service to plaintiffs if it determines that the best interest of the city and its inhabitants would thereby be served. In protecting the best interest of the municipality, it is not improper to establish an annexation policy. *Shipman* v. *Bd. of Health* (1979), 64 Ohio App. 2d 228 [18 O.O.3d 172]. The question we did not reach in *Shipman,* and the issue raised here, is what branch of city government has the authority to establish such a policy.

R.C. 743.12 provides:

"On the written request of any number of citizens living outside the limits of a municipal corporation, the municipal corporation may extend, construct, lay down, and maintain aqueduct and water pipes, and electric light and power lines outside the municipal corporation, and for such purpose may make use of such of the public streets, roads, alleys, and public grounds as are necessary therefor."

While this statute does not indicate what municipal body has the authority to decide to extend services outside the city limits, R.C. 731.47[1] vests management and control of the finances and property of the municipal corporation in the legislative authority. The Ohio Supreme Court has held:

"In the sale and delivery of the surplus product of a municipally owned public utility to others, the council of the municipality has full power to determine the policy to be followed in regard thereto, restricted only by pertinent constitutional and statutory limitations." *Indian Hills Acres, Inc., supra,* paragraph two of the syllabus.

The Cuyahoga Falls City Council has enacted a series of ordinances relating to utilities (Cuyahoga Falls Ordinance 921 *et seq.*) and has made specific provision for the extension of service beyond the limits of the municipality. Cuyahoga Falls Ordinances 921.02, 923.01 and 923.04. Whatever the merits of the policy adopted by the mayor, and however appropriate the policy might be if properly adopted, we find that the mayor may not determine and institute the annexation policy in this case. City council has evidenced its policy of permitting the extension of service by

---

[1] "The legislative authority shall have the management and control of the finances and property of the municipal corporation, except as otherwise provided."

establishing the procedure to be followed by applicants. By requiring annexation as a prerequisite to obtaining service, thereby bringing the served area within the city limits, the policy implemented by the mayor effectively precludes the extension of service outside the municipality as authorized by council. This conflict must be resolved in favor of the ordinances, enacted by the legislative body which has sole authority to determine policy in this area. Accordingly, we reverse the judgment of the trial court.

The judgment is reversed and the cause is remanded for further proceedings in accordance with this opinion.

Costs taxed to appellee.

*Judgment reversed and cause remanded.*

MAHONEY, P.J., and QUILLIN, J., concur.